IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORNA MOSETI, #77629-083,       § | | |
| Petitioner,       § | | |
| § | | |
| v.       § | | 3:14-CV-1273-M-BK |
| § | | (3:11-CR-0017-M-1) |
| UNITED STATES OF AMERICA,       § | | |
| Respondent.       § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se Motion for Reduction in Sentence*, which was docketed as a second motion to vacate sentence under 28 U.S.C. § 2255 and automatically referred to the Magistrate Judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, it is recommended that the motion be denied and that, insofar as Petitioner seeks section 2255 relief, the same be dismissed without prejudice for lack of jurisdiction.

**I. BACKGROUND**

Petitioner was convicted of conspiracy to commit mail fraud and wire fraud, and was sentenced to 120 months' imprisonment and a two-year term of supervised release, and ordered to pay $1,502,940.53 in restitution.  *United States v. Moseti*, 3:11-CR-017-M-1 (N.D. Tex. 2012), *appeal dismissed as frivolous,* 536 Fed. Appx. 499  (5th Cir. Jul. 2013).  Petitioner unsuccessfully sought relief under section 2255, challenging the application of the United States Sentencing Guidelines, and claiming that *Peugh v. United States*, ––– U.S. –––, 133 S. Ct. 2072 (June 10, 2013), and *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (Jun. 17, 2013), applied to her case.  *See Moseti v. United States*, No. 3:13cv3562-M-BK, 2013 WL 6172127

1

(N.D. Tex. 2013). By this action, Petitioner again contests her sentence. [Doc. 2 at 1]. She maintains her sentence is "substantially high" and the Court should reduce it "based on disparate" impact. [Doc. 2 at 2]. Petitioner also asserts the Court erred in enhancing her sentence based on the wrong number of victims (86 individual victims, instead of only 1, the IRS), and in failing to exercise its discretion to consider a downward departure. [Doc. 2 at 2].

## II. ANALYSIS

In support of her motion to reduce sentence, Petitioner relies on Rule 60(b)(5) of the Federal Rules of Civil Procedure, claiming a court can modify or vacate a judgment based on "significant change either in factual conditions or in law." [Doc. 2 at 2]. Civil Rule 60,[1] however, "simply does not provide for a relief from judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999); *see also United States v. Flores*, 380 Fed. Appx. 371, 372 (5th Cir. 2010) (unpublished per curiam). "A criminal conviction can be attacked by motion under 28 USC § 2255, but only for errors of constitutional dimension." *O'Keefe*, 169 F.3d at 289.

Petitioner also cites to 18 U.S.C. § 3582(c)(2), asserting that it "empower[s] district judges to correct sentences that depend on frameworks that later prove unjust." [Doc. 2 at 2]. Yet, her motion is not premised on an amendment to the Sentencing Guidelines. *See* § 3582(c)(2); *United States v. Early*, 27 F.3d 140, 142 (5th Cir.1994). Thus, section 3582(c)(2) is inapplicable.

---

[1] Rule 60 governs relief from final judgment in the event of, *inter alia*, mistake, excusable neglect, surprise, fraud, misrepresentation, misconduct by an opposing party, newly discovered evidence, void judgment, and "any other reason that justifies relief." FED. R. CIV. P. 60(b)

2

Even if Petitioner's motion is liberally construed as seeking relief under section 2255, the Court lacks jurisdiction to entertain it. The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. §§ 2255(h) and 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*).

Before a petitioner may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A)-(B). The Court of Appeals has not issued an order authorizing this Court to consider a successive section 2255 motion in this case. Because Petitioner must obtain such an order before she can file a successive application challenging her conviction and sentence, her request for section 2255 relief should be dismissed without prejudice for want of jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's motion to reduce sentence under FED. R. CIV. P. 60(b)(b) and 18 U.S.C. § 3582(c)(2) be **DENIED**. Insofar as Petitioner seeks relief under 28 U.S.C. § 2255, it is recommended that her motion be **DISMISSED without prejudice** for want of jurisdiction and for failure to obtain prior authorization from the United

States Court of Appeals for the Fifth Circuit to file a successive section 2255 motion.

SIGNED May 23, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE